United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUREECE STONE CLARK, | Case No. 22-cv-06173-JSC |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| BOARD OF SUPERVISORS FOR MARIN COUNTY, | (ECF No. 6) |
| Defendant. | |

## INTRODUCTION

Plaintiff Loureece Stone Clark, a detainee at Napa State Hospital ("NSH") who is proceeding without an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against the Board of Supervisors of Marin County.  (ECF No. 1 at 2.)  In an approximately six-month period, Plaintiff filed 12 cases in this court.[1]  Plaintiff has been granted leave to proceed in forma pauperis ("IFP") in a separate order.  For the reasons explained below, the complaint is DISMISSED.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

---

[1] *See Clark v. Goldstein, et al.*, No. C 22-2962 JSC; *Clark v. Bay City Auto, et al.*, No. C 22-4066 JSC; *Clark v. Internal Affairs Dep't. of Marin County Sheriff Dep't., et al.*, No. C 22-4972 JSC; *Clark v. Marin County District Attorney, et al.*, No. C 22-5557 JSC; *Clark v. Board of Equalization*, No. C 22-6169 JSC; *Clark v. Global Tel\*Link Corp., et al.*, No. C 22-6170 JSC; *Clark v. Ahern, et al.*, No. C 22-6171 JSC; *Clark v. Alameda Cty. Dep't. of Child Protected Services, et al.*, No. C 22-6172 JSC; *Clark v. Medical Board of California, et al.*, No. C 22-6174 JSC; *Clark v. Commission on Judicial Performance, et al.*, No. C 22-6204 JSC; *Clark v. Marin County Sheriff's Dep't., et al.*, No. C 22-7295 JSC.

may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties who are not represented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

The complaint sets forth the following claim, which is quoted in its entirety:

> The Respondent(s) willful failure of non-acceptance and non-payment of just compensation in honor shows bad faith placing the Respondent(s) in default. The Respondent(s) failure, refusal, or neglect in the presentment of a verified response constitutes the Respondent(s) failure to perform in good faith, acquiescence, and tacit agreement with all terms, conditions and stipulations set forth and a completion of an administrative process. Therefore this matter is deemed res judicata and stare decisis.

(ECF No. 1 at 2.)

This is the exact same claim Plaintiff made in a prior case in which he sued the California

United States District Court
Northern District of California

2

State Board of Equalization.  *See Clark v. State Board of Equalization*, No C 22-6169 JSC.  As explained in the order dismissing that case, this claim is incomprehensible and therefore frivolous:

> A claim that is totally incomprehensible is frivolous.  *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989); *cf. Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis).  The allegation that Defendant's "willful failure of non-acceptance and non-payment of just compensation in honor shows bad faith" by Defendants is incomprehensible.  (*Id.*)  In addition, Plaintiff does not identify anything that Defendant failed to file a "verified response" to, what Defendant failed to "perform in good faith," what "terms" and "conditions" applied to Defendant, or what "administrative process" was completed by whom.  (*Id.*)  Plaintiff also cites the legal doctrines of "res judicata" and "stare decisis" without any explanation for how such doctrines apply to his case.

*Id.* (ECF No.

Because the claim is incomprehensible, moreover, the Court cannot discern how it could be cured by amendment.  *Cf. Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (leave need to amend need not be granted where it constitutes an exercise in futility).  Accordingly, the case is dismissed without leave to amend.

## CONCLUSION

For the reasons explained above, this case is DISMISSED without leave to amend.  The "motion" notifying the Court that this matter is under submission (ECF No. 6) is DENIED as unnecessary.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 17, 2023

JACQUELINE SCOTT CORLEY
United States District Judge